The Honorable Marshall M. Clements County Court Judge County Court of Dixie County Dixie County Courthouse Cross City, Florida 32628
Dear Judge Clements:
You have asked for my opinion on substantially the following questions:
 1. Is a committing magistrate authorized, pursuant to Ch. 903, F.S., to approve the use of a parcel of real property as a bond for a criminal defendant's pretrial release when such property is owned by a third person?
 2. If the answer to Question One is yes, is it permissible for the same parcel of real property to be used as bond for a number of criminal defendants until the appraised value of the real property equals the total amount of the bond?
In sum:
 1. A judicial officer possesses the discretion to determine the appropriate bail or other conditions to be imposed which will ensure the appearance of the criminal defendant at subsequent proceedings and to protect the community against unreasonable danger from the criminal defendant. If the court determines that accepting a parcel of real property owned by a third person will guarantee these objectives, a committing magistrate may approve such collateral as bail.
 2. The use of one parcel of real property as bail for a number of criminal defendants would not accomplish the purpose of bail as forfeiture of the property for one defendant would defeat the incentive for any other defendant to appear at subsequent proceedings.
Question One
Initially, I would note that this office cannot undertake to pass on the appropriateness of the amount or conditions of bail imposed in any particular case. However, I offer the following comments in an effort to assist you in making such a determination.
The Florida Constitution provides:
 Unless charged with a capital offense or an offense punishable by life imprisonment and the proof of guilt is evident or the presumption is great, every person charged with a crime or violation of municipal or county ordinance shall be entitled to pretrial release on reasonable conditions. If no conditions of release can reasonably protect the community from risk of physical harm to persons, assure the presence of the accused at trial, or assure the integrity of the judicial process, the accused may be detained.[1]
Generally speaking, the power to admit a person to bail[2] is a judicial power and can only be exercised as authorized by the Constitution and laws of the state.[3] As the entity made responsible by the Constitution for prescribing rules of practice and procedure for the courts,[4] The Supreme Court of Florida has conferred on all state judicial officers the authority to admit a defendant to bail.[5]
In all criminal actions instituted or pending in any court of this state, the bonds given by defendants prior to trial until appeal must be approved by either a committing magistrate or a sheriff.[6]
An official who takes bail which he or she knows to be insufficient is guilty of a misdemeanor of the second degree and, if convicted, may be removed from office by the Governor.[7]
The legislatively declared purpose of a bail determination is "to ensure the appearance of the criminal defendant at subsequent proceedings and to protect the community against unreasonable danger from the criminal defendant."[8] Guidelines have been established by the Legislature and The Supreme Court of Florida for the court to use when determining whether to release a defendant on bail or other conditions and what such bail or other conditions may be. These factors include:
(a) The nature and circumstances of the offense charged.
(b) The weight of the evidence against the defendant.
 (c) The defendant's family ties, length of residence in the community, employment history, financial resources, and mental condition.
 (d) The defendant's past and present conduct, including any record of convictions, previous flight to avoid prosecution, or failure to appear at court proceedings.
 (e) The nature and probability of danger which the defendant's release poses to the community.
(f) The source of funds used to post bail.
 (g) Whether the defendant is already on release pending resolution of another criminal proceeding or on probation, parole, or other release pending completion of a sentence.
 (h) The street value of any drug or controlled substance connected to or involved in the criminal charge.
 (i) The nature and probability of intimidation and danger to victims.
(j) Any other facts that the court considers relevant.[9]
The Legislature has specified certain conditions which must be imposed by the court for pretrial release of the defendant. Among these conditions are a requirement that the defendant refrain from criminal activity of any kind and that the defendant have no contact with the victim except through pretrial discovery.[10]
These requirements apply "whether such release is by surety bail bond or recognizance bond or in some other form[.]" (e.s.)
While I am unable to cite any statute which specifically authorizes the use of real property to secure the pretrial release of a defendant, Ch. 903, F.S., obviously contemplates the use of forms of bail other than money.[11] However, the amount, nature, or conditions of bail which a court may require a defendant to give to secure his or her pretrial release would appear to be a discretionary matter.[12]
Section 903.05, F.S., specifically authorizes a resident of this state or a person who owns real estate within this state to act as surety for the release of a person on bail. Therefore, a person other than a bail bondsman may act as a surety for the pretrial release of a defendant.[13]
Thus, pursuant to Ch. 903, F.S., real property owned by a third person may be pledged to secure the release of a defendant if the court determines that the use of such property as bail will ensure the appearance of the criminal defendant and protect the community against unreasonable danger.
Question Two
As related above, the purpose of a bail determination in criminal proceedings is "to ensure the appearance of the criminal defendant at subsequent proceedings and to protect the community against unreasonable danger from the criminal defendant."[14] While such a determination must be made by the court based on those factors outlined above, it would not appear that the pledge by a third person of a parcel of his own real property to secure the pretrial release of a number of defendants would satisfy the prescribed purpose. Such a scheme would not ensure the appearance of all the criminal defendants as the failure of one defendant to appear would require forfeiture of the real property and no incentive would exist to compel the appearance of the other defendants.
Sincerely,
Robert A. Butterworth Attorney General
(gh)
[1] Section 14, Art. I, State Const. 
[2] See, s. 903.011, F.S., which provides that the term "bail" includes any and all forms of pretrial release. And see, Fla.R.Crim.P. 3.131(b) which provides a number of alternate conditions for pretrial release of the defendant.
[3] See generally, 14 Fla.Jur.2d Criminal Law s. 416.
[4] See, s. 2, Art. V, State Const. 
[5] Fla.R.Crim.P. 3.130 and 3.131. And see, s. 901.01, F.S., which provides that "[e]ach state judicial officer is a . . . committing magistrate with authority to issue warrants of arrest, commit offenders to jail, and recognize them to appear to answer the charge. He may require sureties of the peace when the peace has been substantially threatened or disturbed."
[6] Section 903.34, F.S.
[7] Section 839.23, F.S.
[8] Section 903.046(1), F.S.
[9] See, s. 903.046(2), F.S., and Fla.R.Crim.P. 3.131(b)(3).
[10] Section 903.047(1), F.S.
[11] See, ss. 903.046(2), 903.047, 903.17, and 903.27, F.S.
[12] Cf., AGO 58-159 concluding that where real property is the basis of a fine and cost bond there is no necessity that the surety own property in the county where such bond is executed.
[13] See, AGO 72-14 in which this office concluded that sheriffs of this state are authorized to permit private citizens who own no real property within the state to act as sureties upon bail bonds if such persons are residents of the state; and AGO 58-159, supra.
[14] Section 903.046(1), F.S.